IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAKISHA R.,[1] | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 20 C 7574 ) ) Magistrate Judge Beth W. Jantz |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[2] | ) ) ) |
| Defendant. | ) ) ) |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Lakisha R.'s application for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. §636(c). For the reasons that follow, Plaintiff's motion for summary judgment [dkt. 16, Pl.'s Mot.] is granted, and the Commissioner's cross-motion for summary judgment [dkt. 20, Def.'s Mot.] is denied. The Commissioner's decision is reversed, and this matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

---

[1] In accordance with Internal Operating Procedure 22, Privacy in Social Security Opinions, the Court refers to Plaintiff by her first name and the first initial of her last name.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi has been substituted for her predecessor.

BACKGROUND

I.  **Procedural History**

On September 28, 2018, Plaintiff filed a claim for DIB, alleging disability since September 25, 2018, due to bilateral carpal tunnel syndrome, bilateral cubital tunnel syndrome, and bilateral medial and lateral epicondylitis. [Dkt. 8-1, R. 177-78, 201.] Plaintiff's claim was denied initially and again upon reconsideration. [R. 92, 104.] Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on February 21, 2020. [R. 54-85.] Plaintiff personally appeared and testified at the hearing and was represented by counsel. [R. 56, 60-79.] Vocational expert ("VE") Leida Woodham also testified. [R. 80-84.] On April 16, 2020, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. [R. 37-49.] The Social Security Administration Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner. [R. 1-4.]

II.  **The ALJ's Decision**

The ALJ analyzed Plaintiff's claim in accordance with the Social Security Administration's five-step sequential evaluation process. [R. 37-49.] The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of September 25, 2018. [R. 39.] At step two, the ALJ concluded that Plaintiff had the following severe impairments: cervical degenerative disc disease, bilateral shoulder impingement and tenosynovitis, bilateral carpal tunnel syndrome, bilateral knee osteoarthritis, and obesity. [R. 39-40.] The ALJ concluded at step three that her impairments, alone or in combination, do not meet or medically equal one of the Social Security Administration's listings of impairments (a "Listing"). [R. 40-41.] Before step four, the ALJ determined that Plaintiff retained the residual

functional capacity ("RFC") to perform sedentary work with the following additional limitations: she can perform frequent, but not constant, handling and fingering bilaterally, and can perform frequent lateral reaching, but is limited to no more than occasional overhead reaching. [R. 41-47.] At step four, the ALJ concluded that Plaintiff would be able to perform her past relevant work. [R. 47.] At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff could perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act. [R. 47-48.]

## DISCUSSION

**I.     Judicial Review**

Under the Social Security Act, a person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine disability within the meaning of the Social Security Act, the ALJ conducts a five-step inquiry, asking whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the RFC to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. 20 C.F.R. § 416.920(a). "A finding of disability requires an affirmative answer at either step three or step five." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir.

3

2005). "The claimant bears the burden of proof at steps one through four, after which at step five the burden shifts to the Commissioner." *Id*.

Because the Appeals Council denied review, the ALJ's decision became the final decision of the Commissioner and is reviewable by this Court. 42 U.S.C. § 405(g); *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017). The Court plays an "extremely limited" role in reviewing the ALJ's decision. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). Judicial review of the ALJ's decision is limited to determining whether it adequately discusses the issues and is based upon substantial evidence and the proper legal criteria. *Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation omitted). "To determine whether substantial evidence exists, the court reviews the record as a whole but does not attempt to substitute its judgment for the ALJ's by reweighing the evidence, resolving material conflicts, or reconsidering facts or the credibility of witnesses." *Beardsley v. Colvin*, 758 F.3d 834, 836-37 (7th Cir. 2014). While this review is deferential, "it is not intended to be a rubber-stamp" on the ALJ's decision. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018). The Court will reverse the ALJ's finding "if it is not supported by substantial evidence or if it is the result of an error of law." *Id*. at 327.

The ALJ has a basic obligation both to develop a full and fair record and to "build an accurate and logical bridge between the evidence and the result [so as] to afford the claimant meaningful judicial review of the administrative findings." *Beardsley*, 758 F.3d at 837. Although the ALJ is not required to mention every piece of evidence in the record, the ALJ's analysis "must provide some glimpse into the reasoning behind [his] decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001); *accord Craft v. Astrue*, 539 F.3d 668, 673

4

(7th Cir. 2008). The ALJ "must explain [the ALJ's] analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Scrogham v. Colvin*, 765 F.3d 685, 695 (7th Cir. 2014) (quoting *Briscoe*, 425 F.3d at 351). Thus, even if reasonable minds could differ as to whether the claimant is disabled, courts will affirm a decision if the ALJ's opinion is adequately explained and supported by substantial evidence. *Elder*, 529 F.3d at 413.

## II. Analysis

Plaintiff argues that the ALJ (1) failed to properly evaluate the medical opinion evidence, (2) did not adequately articulate the grounds for Plaintiff's RFC, and (3) erred in assessing Plaintiff's subjective symptom statements. [Dkt. 17, Pl.'s Mem. at 12-21; dkt. 22, Pl.'s Reply at 2-4.] After reviewing the record and the briefs submitted by the parties, this Court agrees with Plaintiff that the ALJ's evaluation of the medical opinion evidence and explanation of Plaintiff's RFC were not supported by substantial evidence. Because these failures alone warrant remand, the Court does not reach Plaintiff's additional arguments.

As Plaintiff's application for benefits was filed after March 17, 2017, the evaluation of medical opinion evidence is governed by 20 C.F.R. § 404.1520c. Under § 404.1520c(a), the ALJ "will not defer or give any specific evidentiary weight, including controlling weight," to any medical opinion. Instead, the ALJ considers a variety of factors in assessing medical opinions, but the "most important factors"—and the only factors that the ALJ is required to discuss in his decision—are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2).

In this case, the ALJ did not adequately address these factors with respect to the state agency physicians' prior administrative medical findings. After giving several reasons for finding Plaintiff's subjective symptoms not entirely consistent with the record and similarly for concluding that the opinions of Plaintiff's treating physician, Dr. Samuel Chmell, were

5

unpersuasive, the ALJ turned to the state agency physicians' opinions, Dr. Calixto Aquino and Dr. Victoria Dow.[3] [*See* R. 42-46.] The ALJ first explained that one doctor, Dr. Aquino, opined that Plaintiff's impairments were non-severe on initial review. [*Id.* (citing R. 89).] Next, the ALJ recounted that, on reconsideration, Dr. Dow opined that Plaintiff (1) could frequently lift and/or carry less than 10 pounds and occasionally lift and/or carry 10 pounds, (2) could sit for 6 hours in an 8-hour workday and stand and/or walk for 2 hours in an 8-hour workday, and (3) would have a limited ability to push/pull with the bilateral upper extremities. [R. 46 (citing R. 99-101).] The ALJ then concluded that he found Dr. Aquino's opinion unpersuasive and Dr. Dow's opinion "somewhat persuasive" but found that "the totality of the evidence supports greater limitations in the residual functional capacity record" with a bare citation to a smattering of Plaintiff's medical records. [R. 46 (citing R. 284, 288, 290-93, 295, 304-07, 312, 328, 330, 346, 357, 364, 367, 370, 384, 393, 418, 420, 449, 460, 509, 548).]

The ALJ's decision is thus devoid of any discussion of supportability and consistency with respect to Dr. Aquino's and, in particular, Dr. Dow's, opinions, contrary to what is required by the regulation. *See* 20 C.F.R. §404.1520c(b)(2). The ALJ does not explain how he viewed Dr. Dow's opinion as consistent or inconsistent with the record as a whole, despite concluding that it was "somewhat persuasive," an implicit finding that the opinion was at least partially consistent with the record. [R. 46.] The ALJ also does not explain what portions of Dr. Dow's opinion he found persuasive. And the mere citation to a chunk of medical records and broad

---

[3] One of Plaintiff's arguments as to the medical opinions is that the ALJ did not adequately discuss Dr. Chmell's opinions, *see* [Pl.'s Br. at 12-16], but the Court disagrees. The ALJ gave numerous examples of why he did not believe Dr. Chmell's opinions were supported by his own treatment notes and were not consistent with the rest of the record. [*See* R. 44-46.] Plaintiff's argument in this respect amounts to asking the Court to reweigh the evidence, which it is not permitted to do. *Gedatus v. Saul*, 994 F.3d 893, 900-01 (7th Cir. 2021).

6

conclusion that "the totality of the evidence supports greater limitations" is not sufficiently meaningful analysis of the medical evidence that allows the Court to trace the ALJ's reasoning as to how he weighed the medical opinions. [R. 46.] Instead, the ALJ's discussion of the state agency physicians' opinions leaves the Court to draw its own conclusions about what the ALJ might have found persuasive about Dr. Dow's opinion and, equally important, his reasons for so concluding. The ALJ therefore failed to fulfill his obligation to articulate the reasons for his weighing of the state agency physicians' opinions with respect to supportability and consistency and further failed to build a logical bridge between the evidence and his conclusions. *See, e.g., Jose V. v. Kijakazi*, 20 C 6975, 2022 WL 3139571, at *3 (N.D. Ill. Aug. 5, 2022) (concluding that ALJ's failure to discuss supportability and consistency with any specificity was error); *Patrice W. v. Kijakazi*, No. 20 C 02847, 2022 WL 2463557, at *3 (N.D. Ill. July 6, 2022) ("The ALJ thus failed entirely to explain the supportability of the consultants' opinions, and only identified a conclusion—as opposed to an explanation—with respect to the consistency of the consultants' opinions with the record."); *Evonne R. v. Kijakazi*, No. 20 CV 7652, 2022 WL 874650, at *5 (N.D. Ill. Mar. 24, 2022) ("So while a detailed analysis is not required, the ALJ must consider the regulatory factors and explain why a medical opinion is not supported or is not consistent with the record to give a reviewing court the bridge to connect the outcome to the record.").

Further, the ALJ compounded this error by then constructing an RFC unconnected to the evidence. Although an expert medical opinion is not required for the ALJ to determine the work a plaintiff could perform, as the RFC is a legal, rather than a medical, determination, the ALJ "cannot reject all the relevant medical RFC opinions and then construct a 'middle ground' and come up with [his] own . . . RFC assessment without logically connecting the evidence to the

7

RFC findings." *Darlene M. v. Kijakazi*, No. 19 CV 6389, 2021 WL 3773291, at *5 (N.D. Ill. Aug. 25, 2021) (internal citation omitted). Under these circumstances, the ALJ creates an evidentiary gap that he then impermissibly fills with his own lay opinions. *Id.*; *see also Suide v. Astrue*, 371 F. App'x 684, 690 (7th Cir. 2010). That is what occurred here.

  The ALJ in this case limited Plaintiff to sedentary work and imposed additional restrictions in the RFC: she was limited to frequent handling and fingering bilaterally, frequent lateral reaching, and occasional overhead reaching. [R. 41.] But how the ALJ arrived at these limitations were never explained in his decision. The RFC was more limited than that of Dr. Dow's opinion, the only opinion that the ALJ found persuasive in any part, because that opinion provided no restrictions as to handling, fingering, and reaching. [*See* R. 46; R. 99-101.] As discussed above, the ALJ did not identify what parts of Dr. Dow's opinions he found persuasive or explain why those were persuasive; thus, the Court can only assume the ALJ did not find the lack of limitations with respect to handling, fingering, and reaching portions of Dr. Dow's opinion fully persuasive, but the reasons why are not clear on this record. The ALJ also rejected contrary evidence that related to handling, fingering, and reaching limitations, however. The ALJ found not persuasive Dr. Chmell's opinions from May 2017 that Plaintiff could only grasp for 2 hours per day and from July 2019 that Plaintiff could never handle, finger, or reach. [R. 46.] In doing so, the ALJ relied on Plaintiff's testimony that she could grasp a steering wheel for 2 to 3 hours at a time, put on earrings, button clothing, carry up to 10 pounds, do light loads of laundry, and grocery shop. [*Id.*] Earlier in his decision, the ALJ contrasted this testimony with Plaintiff's other reports that "her impairments result in dropping things and limit her ability to hold kitchen utensils" in finding that Plaintiff was not as limited as she alleged. [R. 43.] Without some explanation as to why the ALJ settled on the particular limitations for

8

handling, fingering, and reaching in the RFC, with support from medical or non-medical evidence, the Court is unable to trace the ALJ's reasoning and accordingly cannot determine whether the ALJ's decision is supported by substantial evidence. *See Darlene M.*, 2021 WL 3773291, at *5; *cf. Charmaine R. v. Saul*, No. 18 C 7955, 2021 WL 83737, at *4 (N.D. Ill. Jan. 11, 2021) (rejecting evidentiary deficit argument where ALJ built a logical bridge from evidence to conclusions).

Overall, the ALJ's decision lacks sufficient analysis for the Court to determine how the ALJ evaluated the state agency physicians' medical opinions and what led the ALJ to impose the RFC limitations on handling, fingering, and reaching. It is the ALJ's responsibility to adequately explain his reasoning in order for the Court to review whether the decision is supported by substantial evidence. *See Scrogham*, 765 F.3d at 695. Because the ALJ did not fulfill that obligation here, the Court must remand the case for further consideration. *See Jarnutowski v. Kijakazi*, 48 F.4th 769, 776-77 (7th Cir. 2022) (remanding where ALJ did not build "logical bridge" from evidence to conclusion because decision lacked explanation as to important RFC limitations on lifting and carrying); *see also Darlene M.*, 2021 WL 3773291, at *7 ("Here the ALJ failed to provide even a cursory explanation for important findings in his RFC assessment, and as such it lacks the weight of substantial evidence.").

9

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for summary judgment [dkt. 16] is granted, and the Commissioner's motion for summary judgment [dkt. 20] is denied. The Commissioner's decision is reversed, and this matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**

Date: 3/6/23

BETH W. JANTZ
United States Magistrate Judge